This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      NO. 34,329

**DAVID GONZALES JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant has appealed from convictions for DWI and failure to maintain lane.

We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Because the pertinent background information and applicable principles have previously been set out at length, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3} By his first issue Defendant renews his challenge to the denial of his motion to suppress, contending that the officer who initiated the traffic stop lacked reasonable suspicion. [MIO 11-15] However, the officer's observation of swerving and crossing lane lines without signaling, as well as Defendant's near-collision with a curb, supported the stop. [MIO 2] *See, e.g., State v. Salas*, 2014-NMCA-043, ¶¶ 2, 12-16, 321 P.3d 965 (concluding that similar observations supported legitimate and reasonable suspicion that lane and turn-related traffic offenses had occurred, thereby justifying the stop). Although we understand Defendant to suggest that we should limit or depart from *Salas* in this case, we decline the invitation.

{4} By his second issue Defendant renews his challenge to the sufficiency of the evidence to support his conviction for failure to maintain lane. [MIO 15-18] *See generally* NMSA 1978, § 66-7-317(A) (1978) ("[A] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until

the driver has first ascertained that such movement can be made with safety[.]"). However, the officer's testimony that he observed Defendant repeatedly swerve out of his lane of traffic supplies an adequate basis for the conviction. [MIO 2] Insofar as the pertinent provision requires vehicles to be driven "entirely within a single lane[,]" *id.*, Defendant's repeated swerving outside the lane clearly constitutes a violation. Although Defendant suggests that the absence of adverse impact upon other motorists, such as side-swiping or collision, renders Section 66-7-317(A) inapplicable, the language requiring lane movements to be made only after ascertaining that such movements can be made with safety is broad enough to encompass situations such as this, where the officer's vehicle was situated behind Defendant's vehicle at the time. [MIO 2-3] *See, e.g., Salas*, 2014-NMCA-043, ¶¶ 13-14 (observing that an officer driving behind a defendant who crossed the lane lines was affected by the movements of the defendant's vehicle, such that Section 66-7-317(A) applied). Finally, although Defendant suggests that *Salas* is inapposite insofar as it dealt with a question of reasonable suspicion as opposed to evidentiary sufficiency, the reasoning therein is highly persuasive, and supplies clear support for the ultimate result in this case. *See id.* ¶ 16 ("It is reasonably likely that had Defendant been cited for violating both lane-change and turn-related traffic offenses, he could have been convicted of the offenses."). We therefore reject Defendant's assertion of error.

**{5}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**

4